UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Case No: 8:24-cv-00871-CJC-AS

Plaintiff Viral DRM, LLC,

v.

Rhino Towing Services Inc.,

Defendant.



ANSWER AND DEFENSES TO COMPLAINT

TO: The Honorable Court, Plaintiff Viral DRM, LLC, and Counsel:

**Defendant Rhino Towing Services Inc.** ("Defendant"), by and through its undersigned representative hereby answers Plaintiff Viral DRM, LLC's ("Plaintiff") Complaint and asserts the following defenses:

**ANSWER**

1. Defendant denies each and every allegation contained in the Complaint, except as specifically admitted herein.

2. Defendant admits that it is a California corporation with its principal place of business in Laguna Hills, California, but denies any involvement in the alleged copyright infringement.

3. Defendant denies the allegations contained in paragraphs 3, 4, 5, and 7 of the Complaint, specifically denying any ownership or operation of the Instagram and Facebook accounts referenced in the Complaint. Furthermore, Defendant does not have any social media accounts.

**DEFENSES**

**First Defense: Lack of Standing and Misidentification of Defendant**

4. Defendant asserts that Plaintiff has failed to properly identify the correct party responsible for the alleged actions, resulting in the misidentification of Defendant Rhino Towing Services Inc. Defendant has no involvement in the Instagram and Facebook accounts cited by Plaintiff and does not have any social media accounts.

**Second Defense: Failure to State a Claim upon Which Relief Can Be Granted**

5. Plaintiff's Complaint fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has not provided sufficient factual evidence linking Defendant to the alleged infringement.

**Third Defense: Lack of Personal Jurisdiction**

6. Defendant asserts that this Court lacks personal jurisdiction over Defendant for the claims asserted in the Complaint as Defendant has no connection to the alleged infringing activities.

**Fourth Defense: No Willful Infringement**

7. Defendant denies any willful infringement of Plaintiff's copyrighted material. Defendant has never engaged in the copying, displaying, or distributing of Plaintiff's video as alleged.

**Fifth Defense: Statutory and Case Law Precedent**

8. Defendant cites **Lieb v. Topstone Indus., Inc.**, 788 F.2d 151 (3d Cir. 1986), to support the argument that in cases of misidentification or erroneous claims of infringement, courts have the discretion to dismiss the claims and award attorneys' fees to the prevailing party. In this case, Plaintiff's claims are erroneously directed at the wrong party, warranting dismissal and potential sanctions against Plaintiff for misidentification.

9. Defendant further cites **Fogerty v. Fantasy, Inc.**, 510 U.S. 517 (1994), where the Supreme Court emphasized the importance of awarding attorneys' fees in copyright cases to deter improper litigation and ensure fairness. Given the substantial harm caused to Defendant by the Plaintiff's misidentification, the Court should consider awarding attorneys' fees to Defendant.

**REQUEST FOR RELIEF**

WHEREFORE, Defendant respectfully requests that this Court:

1. Dismiss Plaintiff's Complaint with prejudice;

2. Direct Plaintiff to correctly identify and sue the appropriate party, Rhino Offroad Recovery;

3. Award Defendant attorneys' fees and costs incurred in defending this action pursuant to 17 U.S.C. § 505;

4. Award Defendant damages for the harm caused by Plaintiff's wrongful litigation;

5. Grant any further relief that the Court deems just and proper.

**Respectfully submitted,**

**MARTIN TORRES DIAZ**

**Attorney in fact for Rhino Towing Services Inc.**