**SANDERS LAW GROUP**
Craig Sanders, Esq. (Cal Bar 284397)
Jacqueline Mandel, Esq. (Cal Bar 317119)
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
Email: jmandel@sanderslaw.group
File No.: 128105

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Viral DRM, LLC, <br><br> Plaintiff, <br><br> v. <br><br> California Off Road Recovery Group LLC, <br><br> Defendant. | Case No. 8:24-cv-00871-FMO-AS <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT** <br><br> Action Filed: February 9, 2024 <br><br> Judge: Hon. Fernando Manzano Olguin <br> Magistrate Judge: Hon. Alka Sagar <br><br> Date: October 10, 2024 <br> Time: 10:00 am <br> Location: <br>    Courtroom 6D <br>    350 West 1st Street <br>    Los Angeles, California 90012 |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. i
I. INTRODUCTION ..............................................................................................1
II. JURISDICTION AND VENUE ........................................................................1
III. PROCEDURAL POSTURE ...............................................................................1
IV. PARTIES ............................................................................................................2
V. STATEMENT OF FACTS .................................................................................2
VI. ARGUMENT .....................................................................................................5
  A. The Procedural Requirements for Entry of a Default Judgment Have Been Met ..........................................................................................................5
  B. The Substantive Requirements for Entry of a Default Judgment Have Been Met ..........................................................................................................6
  C. The *Eitel* Factors Support Entry of a Default Judgment against Defendant .........................................................................................................6
    i. Plaintiff Will Suffer Prejudice Unless a Default Judgment is Entered .........7
    ii. Plaintiff's Claims Are Meritorious ..............................................................7
    iii. The Allegations of the Complaint are Sufficient to Establish Claims of Direct Copyright Infringement and Violations of 17 U.S.C § 1202 ............8
    iv. The Money at Stake Is Not Disproportionately Large ................................9
    vi. Defendant's Default was not due to Excusable Neglect ...........................11
    vii. Policy Favoring Decisions on the Merits is not Applicable ....................12
  D. Plaintiff's Request for a Default Judgment for Direct Infringement is Appropriate ...................................................................................................12
  E. Plaintiff Requests an Attorneys' Fee Award ................................................14
  F. Plaintiff Seeks an Award of Costs in the Amount of $497 ...........................15
VII. CONCLUSION ...............................................................................................15

Case No. 8:24-cv-00871-FMO-AS

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT

# TABLE OF AUTHORITIES

**Cases**

*ACS Recovery Servs., Inc. v. Kaplan*,
  No. CV 09-01304 JSW, 2010 WL 144816, at *6 (N.D. Cal. Jan. 11, 2010) .......9

*Amini Innovation Corp* ..................................................................................14

*Amini Innovation Corp. v. KTY Intern. Marketing*,
  768 F.Supp.2d 1049 (C.D. Cal. 2011) ..............................................................9

*Cripps v. Life Ins. Co. of No. Am.*,
  980 F.2d 1261, 1267 (9th Cir. 1992) .................................................................7

*Danning v. Lavine*,
  572 F.2d 1386, 1388 (9th Cir. 1978) .................................................................7

*Dolman v. Agee,*
  157 F.3d 708 (9th Cir. 1998) ...........................................................................11

*Eitel v. McCool*,
  782 F.2d 1470, 1471-72 (9th Cir. 1986) .................................................. passim

*Ellison v. Robertson*,
  357 F.3d 1072, 1076 (9th Cir. 2004) .................................................................6

*F.W. Woolworth Co. v. Contemporary Arts, Inc.*,
  344 U.S. 228 (1952) ................................................................................. 13, 14

*Feist Pubs., Inc. v. Rural Tel. Serv. Co., Inc.*,
  499 U.S. 340, 361 (1991) ..................................................................................8

*Geddes v. United Fin. Grp.*,
  559 F.2d 557 (9th Cir. 1977) .............................................................................8

*Getty Images (U.S.), Inc. v. Virtual Clinics*,
  2014 WL 1116775, at *2-3 (W.D. Wa. 2014) .................................................10

Case No. 8:24-cv-00871-FMO-AS                    - i -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT

*Globe Ent. & Media, Corp. v. Glob. Images USA*,
 No. 220CV11630CASKSX, 2022 WL 2703845 (C.D. Cal. July 11, 2022) 10, 11, 13

*Harris v. Emus Records Corp.*,
 734 F.2d 1329 (9th Cir. 1984) ................................................................................14

*Los Angeles News Service v. Reuters Television Intern., Ltd.*,
 149 F.3d 987 (9th Cir. 1998) .................................................................................14

*Microsoft Corp. v. McGee*,
 490 F. Supp. 2d 874 (S.D. Ohio 2007) ........................................................... 10, 13

*Mullane v. Central Hanover Trust Co.*,
 339 U.S. 306, 314 (1950) ......................................................................................11

*New Form, Inc. v. Tekila Films, Inc.*,
 357 F. App'x 10 (9th Cir. 2009) ............................................................................13

*PepsiCo, Inc. v. Cal. Sec. Cans*,
 238 F.Supp.2d 1172, 1176 (C.D. Cal. 2002) ..........................................................9

*Philip Morris USA, Inc. v. Castworld Prods., Inc.*,
 219 F.R.D. 494, 498 (C.D. Cal. 2003) ....................................................................7

*Rolex Watch U.S.A., Inc. v. Watch Empire LLC*,
 2015 WL 9690322, at *4 (C.D. Cal., 2015) .......................................................9, 10

*Rovio Entm't Ltd v. Royal Plush Toys, Inc.*,
 2014 U.S. Dist. LEXIS 37022, 2014 WL 1153780 (N.D. Cal. Mar. 20, 2014) ..14

*S.O.S. Inc. v. Payday, Inc.*,
 886 F.2d 1081, 1085 (9th Cir. 1989) .......................................................................8

*Sadowski v. Shivley,*
 No. 1:18-CV-01703-MC, 2019 WL 5589077, at *3 (D. Or. 2019) .....................11

*Stross v. Z Lifestyle LLC*,
 2020 WL 13556135 (S.D. Cal. 2020) ...................................................................11

*TeleVideo Sys., Inc. v. Heidenthal*,
    826 F.2d 915, 917–18 (9th Cir. 1987) ....................................................... 2, 7, 11
*Twentieth Century Fox Film Corp. v. Entertainment Distributing*,
    429 F.3d 869, 885 (9th Cir. 2005) ..................................................................15
*United Fabrics Int'l, Inc. v. C&J Wear, Inc.*,
    630 F.3d 1255 (9th Cir. 2011) ..........................................................................7
*Universal City Studios, Inc. v. Film Ventures Int'l, Inc.*,
    543 F. Supp. 1134, 1140 (C.D. Cal. 1982) ......................................................8
*Warner Bros. Enter. V. Caridi*,
    346 F.Supp. 2d 1068, 1074 (C.D. Cal. 2004) ..............................................9, 12
*Waters v. Mitchell*,
    No. C21-0087JLR, 2022 WL 1268169 (W.D. Wash. Apr. 28, 2022)..................8

**Statutes**

17 U.S.C. § 504(a)-(b) .............................................................................................14
17 U.S.C. § 504(c) ..............................................................................................9, 14
17 U.S.C. § 504(c)(1)(2) ............................................................................................9
17 U.S.C. § 505 ........................................................................................................15
28 U.S.C. § 1331 .......................................................................................................1
28 U.S.C. § 1338(a) ..................................................................................................1
28 U.S.C. §1391(a)(2) ...............................................................................................1
Fed. R. Civ. Pro. 55(b)(2) .........................................................................................1
FRCP 55(a) ...............................................................................................................5
FRCP 55(b) ...............................................................................................................5

## I. INTRODUCTION

Plaintiff Viral DRM, LLC ("*Plaintiff*") respectfully submits the instant Memorandum in support of its motion for a default judgment against Defendant, California Off Road Recovery Group LLC ("*Defendant*") pursuant to Fed. R. Civ. Pro. 55(b)(2). Plaintiff brings this motion by reason of the fact that Defendant was properly served with the Summons and Complaint in this action yet failed to timely appear or otherwise respond to same. As a result, Plaintiff asked the Clerk of the Court to enter a notation of default, which request was granted. Consequently, Plaintiff seeks a default judgment in the total amount of $14,347. This sum is comprised of the following amounts: (1) statutory damages for direct infringement in the amount of $12,500; (2) attorneys' fees in the amount of $1,350; and (3) costs in the amount of $497.

## II. JURISDICTION AND VENUE

This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. § 1338(a) and 28 U.S.C. § 1331. This Court has personal jurisdiction over Defendant because its principal place of business is in San Bernardino County, California.

Venue is proper under 28 U.S.C. §1391(a)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## III. PROCEDURAL POSTURE

Plaintiff added Defendant to this action upon the filing of the Amended Complaint with this Court on June 13, 2024. *Dkt. No.* 22, et seq. The Clerk of the Court issued the requested summons on July 15, 2024. *Dkt. No.* 27. Defendant was served with process on July 19, 2024, and proof of such service was filed with the Court on July 25, 2024. *Dkt. No.* 28. As a result, Defendant's Answer was due on or before August 9, 2024.

As a result of Defendant's failure to appear or otherwise respond to the

1  Complaint within the time prescribed by Rule 12(a)(1)(A)(ii) of the Federal Rules
2  of Civil Procedure, Plaintiff filed a request for the clerk to issue a certificate of
3  default against Defendant on August 13, 2024. *Dkt. No.* 30. The Clerk entered a
4  notation of default on August 14, 2024. *Dkt. No.* 31. On August 14, 2024, the Court
5  ordered Plaintiff to file a Motion for Default Judgment on or before August 28, 2024.
6  *Dkt. No.* 32. Plaintiff now brings the instant motion for entry of a default judgment
7  in compliance with the Court's Order.

## IV.  PARTIES

Plaintiff is an Alabama limited liability company and maintains its principal place of business in Talladega County, Alabama.

Upon information and belief, Defendant is a California limited liability company with a principal place of business at 473 S. Carnegie Drive, Suite 200, San Bernardino in San Bernardino, California.

## V.  STATEMENT OF FACTS

This is an action for copyright infringement. Plaintiff's claims arise from Defendant's unlawful expropriation and publication of one (1) copyright protected Video owned by Plaintiff. The facts of this case are set forth at length in the Amended Complaint filed in this action (*Dkt. No.* 22) as well as in the accompanying Declaration of Brandon Michael Clement (the "*Clement Dec.*"). Consequently, for the sake of judicial economy, the facts are merely summarized herein, for context only.[1]

Plaintiff is a professional videography company by trade and is the legal and rightful owner of videos in which it commercially licenses. *Dkt. No.* 22 at ¶ 11;

---

[1] Since this is a default case, all factual allegations in Plaintiff's Complaint must be accepted as true, except those relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.").

*Clement Dec.* at ¶ 3. Plaintiff has invested significant time and money in building its portfolio. *Dkt. No.* 22 at ¶ 12; *Clement Dec.* at ¶ 4. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many works. *Dkt. No.* 22 at ¶ 13.

Defendant is a towing service company that owns and operates an Instagram account with the name "@rhino_offroad_recovery" ("*Account 1*") and a Facebook account with the name "@SoCal 4x4 Rhino Offroad Recover, Rescue and Towing" ("*Account 2*") (herein after collectively the "*Accounts*"). *Dkt. No.* 22 at ¶¶ 3, 4. Upon information and belief, Defendant is the operator of the Accounts and is responsible for their content. *Dkt. No.* 22 at ¶ 23. Upon information and belief, Defendant takes an active and pervasive role in the content posted on the Accounts. *Dkt. No.* 22 at ¶ 33.

On March 21, 2022, Ronald Brian Emfinger ("*Emfinger*") published a video of a tornado hitting the city of Elgin, Texas (the "*Video*"). *Dkt. No.* 22 at ¶¶ 2, 15; *Dkt. No.* 22-1; *Clement Dec.* at ¶ 7. In creating the Video, Emfinger personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the image. *Dkt. No.* 22 at ¶ 16; *Clement Dec.* at ¶ 8. On March 21, 2022, Michael Brandon Clement and his business partner, Brett Adair, acquired the rights in and to the Video from Emfinger by way of written assignment. *Dkt. No.* 22 at ¶ 20; *Clement Dec.* at ¶ 9. On April 22, 2022, the Video was registered by the USCO under Registration No. PA 2-354-516. *Dkt. No.* 22 at ¶ 17; *Clement Dec.* at ¶ 10. Thereafter, on May 17, 2022, all rights to the Video were transferred to Plaintiff through a valid written copyright assignment. *Dkt. No.* 22 at ¶ 17; *Clement Dec.* at ¶ 11.

The Video was created with the intention of being used commercially and for the purpose of display and/or public distribution. *Dkt. No.* 22 at ¶ 18. The Video was commercially licensed to numerous third-party companies for the purpose of display

and/or public distribution for a $2,500 license fee. *Dkt. No.* 22 at ¶ 19; *Clement Dec.* at ¶ 23.

On March 23, 20222, Plaintiff observed the Video on Defendant's Accounts in posts dated March 23, 2022. *Dkt. No.* 22 at ¶¶ 26, 27, 29; *Dkt. No.* 22-2; *Clement Dec.* at ¶¶ 13, 14. The Video was displayed at URLs: https://www.instagram.com/reel/CbdJO0rJL82/ and https://www.facebook.com/reel/494553468869577 (herein referred to as the "*Infringement*"). *Dkt. No.* 22 at ¶¶ 26, 27; *Clement Dec.* at ¶ 13. The Infringements are exact copies of the entirety of the Video that were directly copied and displayed by Defendant on the Accounts. *Dkt. No.* 22 at ¶ 32; *Clement Dec.* at ¶ 17. As of the date of this Motion, Defendant has not removed the Video from being displayed on its Accounts. *Clement Dec.* at ¶ 15.

Plaintiff did not authorize Defendant use of its Video, nor did Plaintiff license Defendant the right to use its Video in any manner nor did it assign any of its exclusive rights in the Copyright to Defendant. *Dkt. No.* 22 at ¶ 28; *Clement Dec.* at ¶ 16. As a result of Defendant's misconduct, Plaintiff has been substantially harmed. *See Dkt. No.* 22 at ¶ 45; *Clement Dec.* at ¶ 21.

Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement. *Dkt. No.* 22 at ¶ 39; *Clement Dec.* at ¶ 20. Upon information and belief, the Infringement increased traffic to the Accounts and, in turn, caused Defendant to realize an increase in its revenues. *Dkt. No.* 22 at ¶ 40; *Clement Dec.* at ¶ 19. Upon information and belief, Defendant's use of the Video, if widespread, would harm Plaintiff's potential market for the Video. *Dkt. No.* 22 at ¶ 44.

Plaintiff has been deprived of the benefit of its work and copyright, to the extent that Defendant did not purchase a license from Plaintiff to use the Video and separately derived profits from the Infringements. Despite Defendant having been

personally served with process, Defendant has failed to respond to the Amended Complaint or otherwise appear in this action, thereby rendering the Infringement willful.

## VI. ARGUMENT

Plaintiff respectfully requests that a default judgment be entered against Defendant, insofar as all of the procedural and substantive requirements have been met to establish Plaintiff's *prima facie* claims.

### A. The Procedural Requirements for Entry of a Default Judgment Have Been Met

The Federal Rules of Civil Procedure ("*FRCP*") describe a two-step process for the entry of a default judgment. FRCP 55(a)-(b). First, the Clerk of the Court must enter a default where the plaintiff demonstrates that the defendant has failed to plead or otherwise defend the action. FRCP 55(a). Second, following the entry of the notation of default, the Court may enter a default judgment upon application by the plaintiff. FRCP 55(b).

In this action, all of the applicable procedural requirements for entry of a default judgment have been satisfied. More specifically, Plaintiff added Defendant to this action upon the filing of the Amended Complaint with this Court on June 13, 2024. *Dkt. No.* 22, et seq. The Clerk of the Court issued the requested summons on July 15, 2024. *Dkt. No.* 27. Defendant was served with process on July 19, 2024, and proof of such service was filed with the Court on July 25, 2024. *Dkt. No.* 28. As a result, Defendant's Answer was due on or before August 9, 2024.

As a result of Defendant's failure to appear or otherwise respond to the Complaint within the time prescribed by Rule 12(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, Plaintiff filed a request for the clerk to issue a certificate of default against Defendant on August 13, 2024. *Dkt. No.* 30. The Clerk entered a notation of default on August 14, 2024. *Dkt. No.* 31. On August 14, 2024, the Court

ordered Plaintiff to file a Motion for Default Judgment on or before August 28, 2024. *Dkt. No.* 32. Plaintiff now brings the instant motion for entry of a default judgment in compliance with the Court's Order.

### B. The Substantive Requirements for Entry of a Default Judgment Have Been Met

As the Ninth Circuit has held, in order for a plaintiff to establish a *prima facie* claim for copyright infringement, it must simply show: (1) ownership of a valid copyright; and (2) that the defendant violated the copyright owner's exclusive rights under the Copyright Act. *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004). In the case-at-bar, Plaintiff has established a *prima facie* claim for copyright infringement insofar as it has: (i) presented the Court with a valid copyright registration for the subject Video; (ii) presented the Court with proof of Defendant's reproduction of the Video; and (iii) has attested that such reproduction was without Plaintiff's license, consent, or approval.

### C. The *Eitel* Factors Support Entry of a Default Judgment against Defendant

A district court considers the following factors (commonly known as the *Eitel* factors) in determining whether to enter a default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's claims; (3) the sufficiency of the complaint; (4) the sum of the money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the policy underlying the Federal Rules favoring a decision on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

"The general rule of law is that upon default the factual allegations of the Complaint, except those relating to … damages, will be taken as true. *TeleVideo*, 826 F.2d at 917-918. The Complaint is reviewed to determine whether the alleged facts support the requested relief. *Cripps v. Life Ins. Co. of No. Am*., 980 F.2d 1261, 1267 (9th Cir. 1992). "In applying this discretionary standard, default judgments are more often granted than denied." *Philip Morris USA, Inc. v. Castworld Prods., Inc*., 219 F.R.D. 494, 498 (C.D. Cal. 2003).

### i. Plaintiff Will Suffer Prejudice Unless a Default Judgment is Entered

The first *Eitel* factor considers whether the plaintiff will suffer prejudice if a default judgment is not entered. *Eitel,* 782 F.2d at 920. In this case, if a default judgment is not entered, Plaintiff will be denied a remedy until such time as Defendant decides and/or is permitted to participate in this action, which may never occur. Thus, there is sufficient likelihood of prejudice that weighs strongly in favor of granting a default judgment.

### ii. Plaintiff's Claims Are Meritorious

The second and third *Eitel* factors require that the plaintiff "state a claim on which [it] may recover." *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). In this case, Plaintiff's Complaint pleads facts sufficient, as a matter of law, to establish that Defendant is liable for direct copyright infringement of Plaintiff's copyrighted Video in violation of 17 U.S.C. § 501. More specifically, Plaintiff has presented this Court with a certificate of registration for the Video and, as the Ninth Circuit has held, "[a] copyright registration is "prima facie evidence of the validity of the copyright and the facts stated in the certificate." *United Fabrics Int'l, Inc. v. C&J Wear, Inc*., 630 F.3d 1255, 1257 (9th Cir. 2011). In addition, the Complaint alleges that Defendant was responsible for the theft, copying and unauthorized display of Plaintiff's Video, and the Court must accept these allegations as true.

*Waters v. Mitchell*, No. C21-0087JLR, 2022 WL 1268169, at *2 (W.D. Wash. Apr. 28, 2022) ("[a]t the default judgment stage, well-pleaded factual allegations in the complaint, except those related to damages, are considered admitted and are sufficient to establish a defendant's liability") (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)).

### iii. The Allegations of the Complaint are Sufficient to Establish Claims of Direct Copyright Infringement and Violations of 17 U.S.C § 1202

The third *Eitel* factor asks the Court to consider whether the allegations of the Complaint are sufficient to establish an infringement as a matter of law. Here, Plaintiff has presented proof of authorship of the subject Video, together with proof of registration with the USCO. This satisfies Plaintiff's *prima facie* burden of proof. *Feist Pubs., Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991). This is because under 17 U.S.C. § 401(c), a certificate of registration establishes a rebuttable presumption of ownership, originality, and validity in the Video; *S.O.S. Inc. v. Payday, Inc.*, 886 F.2d 1081, 1085 (9th Cir. 1989).

As to the second prong—copying of elements of the original work—a plaintiff must demonstrate "(1) circumstantial evidence of the defendant's access to the copyrighted work; and (2) substantial similarity between the copyrighted work and the defendant's work." *Universal City Studios, Inc. v. Film Ventures Int'l, Inc.,* 543 F. Supp. 1134, 1140 (C.D. Cal. 1982).

Here, Plaintiff has shown that Defendant clearly had access to the Video, insofar as it had been published by Plaintiff. As to the second element, to say that there is a "substantial similarity" between the works would be an understatement. Indeed, a side-by-side comparison of Plaintiff's copyright protected Video and Defendant's Infringements will yield a conclusion that they are identical. *Compare Dkt. No.* 22-1 with *Dkt*. *No*. 22-2.

### iv. The Money at Stake Is Not Disproportionately Large

The fourth *Eitel* factor focuses on the amount of money at stake in relation to the seriousness of the defendant's conduct. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1176 (C.D. Cal. 2002). Under this factor, Courts frequently evaluate the public's interest in ensuring the integrity of copyright laws by looking at the severity of the infringers' conduct–where the infringing conduct is severe, a Court is more likely to award higher statutory damages, as higher awards will deter such conduct in the future. *Warner Bros. Enter. V. Caridi*, 346 F.Supp. 2d 1068, 1074 (C.D. Cal. 2004). Ultimately, if the sum of money at issue is "reasonably proportionate to the harm caused by the defendant's actions, properly documented, and contractually justified, then default judgment is warranted." *ACS Recovery Servs., Inc. v. Kaplan*, No. CV 09-01304 JSW, 2010 WL 144816, at *6 (N.D. Cal. Jan. 11, 2010) (internal citations omitted). Further, in a default judgment context, not only are copyright plaintiffs entitled to elect statutory damages over actual damages, but in electing such statutory damages "the Court must accept as true Plaintiff[s'] factual allegations that Defendant […] acted willfully." *Rolex Watch U.S.A., Inc. v. Watch Empire LLC*, 2015 WL 9690322, at *4 (C.D. Cal. 2015).

Pursuant to 17 U.S.C. § 504(c)(1) and (2), in the context of statutory damages, the range of a statutory damages award can fall anywhere between $750 and $30,000 per work infringed, however, where willfulness is found, such statutory damages award may be increased to as much as $150,000. 17 U.S.C. § 504(c)(1)(2). In fact, even total recoveries (i.e., for multiple infringements, as in the current case) that have exceeded $150,000 have been deemed "not proportionately large" for purposes of this *Eitel* factor. *See Amini Innovation Corp. v. KTY Intern. Marketing*, 768 F.Supp.2d 1049 (C.D. Cal. 2011) (finding total recovery of $151,000 for five claims of copyright infringement not proportionally large given value of works infringed and that "due to Defendant's lack of participation in this suit, [Plaintiff] has been

robbed of the opportunity to actually prove its damages, which may be much larger than statutory damages."); *see also Rolex Watch U.S.A., Inc.,* 2015 WL 9690322, at *4 (on a default judgment, finding award of maximum statutory damages for each of five infringements "reasonably proportionate to the harm Defendant caused"); *see also Getty Images (U.S.), Inc. v. Virtual Clinics*, 2014 WL 1116775, at *2-3 (W.D. Wa. 2014) (in default judgment context, although amounts of infringer's profits and plaintiff's lost revenues are uncertain and likely "relatively modest," the maximum statutory damages award was nevertheless appropriate, given that plaintiff's images are "particularly subject to adverse commercial consequences when they are infringed because the images lose their exclusivity" and that "the broader impact of infringement on revenue generation supports a heightened statutory damages award").

In this case, Plaintiff is seeking statutory damages in the amount of $12,500 ($2,500.00 for what would have been the licensing fee, multiplied by a factor of five (5) by reason of Defendant's willful infringement of the Video). Plaintiff submits this amount to be reasonable, relatively modest, and proportionate to the harm caused by Defendant, and is also warranted to deter future infringements by this Defendant, as well as other would-be infringers.

Here, since Defendant has defaulted, the Court may find that Defendant acted willfully, merely by virtue of its default. *See Globe Ent. & Media, Corp. v. Glob. Images USA*, No. 220CV11630CASKSX, 2022 WL 2703845, at *6 (C.D. Cal. July 11, 2022) ("[w]here the defendant has defaulted, willful copyright infringement is proven") (quoting *Microsoft Corp. v. McGee*, 490 F. Supp. 2d 874, 880 (S.D. Ohio 2007)).

Courts have properly found that where a defendant fails to remove an infringement after being notified of same, willfulness is established. See, e.g., *Batra v. PopSugar, Inc.*, No. 18-CV-03752-HSG, 2019 WL 482492, at *2 (N.D. Cal.

2019); *Globe Ent. & Media, Corp.,* 2022 WL 2703845, at *6 (citing *Dolman v. Agee,* 157 F.3d 708, 714-715 (9th Cir. 1998)) (willful copyright infringement established where the defendant has continued to display the infringement despite being informed it was infringing); *see also Clement v. Shivley,* No. 1:18-CV-01703-MC, 2019 WL 5589077, at *3 (D. Or. 2019) (finding willfulness where complaint alleged defendant published photos and omitted attribution to plaintiff as author); *Stross v. Z Lifestyle LLC*, 2020 WL 13556135, at *2, (S.D. Cal. 2020).

  Here, Plaintiff has similarly established this willfulness in light of Defendant's appropriation of the Video to its Accounts. Further, as Defendant continues to display the Video on its Accounts regardless of its notification of the Infringements, Defendant's actions are willful.

### v.  The Material Facts have not been Disputed

  When a Defendant defaults, all well-pleaded allegations in the Complaint, except those relating to damages, are accepted as true. *TeleVideo Sys. Inc.,* 826 F.2d at 917-18. In this case, Plaintiff's Complaint alleges facts necessary to support its claim for direct copyright infringement, and no dispute has been raised as to the material allegations in the Complaint.

### vi.  Defendant's Default was not due to Excusable Neglect

  Under the sixth *Eitel* factor, the Court considers whether the Defendant's default resulted from excusable neglect. Due process requires that interested parties be given notice of an action and be afforded an opportunity to object before final judgment issues. *Mullane v. Central Hanover Trust Co*., 339 U.S. 306, 314 (1950). Therefore, Plaintiff had no alternative but to commence the action to which Defendant has strategically defaulted. Further, despite such notice and conversation, Defendant did not remove the Video from the Accounts.

  Defendant was served with process on July 19, 2024, and proof of such service was filed with the Court. *Dkt. No.* 28. Plaintiff received no communication from

Defendant.

Defendant failed to file an answer or otherwise respond to the Complaint, and the time within which to do so has expired and has not otherwise been extended. Therefore, Defendant was given actual notice of the claim before and after commencement of the litigation. Defendant has chosen to ignore the litigation and therefore its actions (or inactions) cannot be the product of excusable neglect.

### vii. Policy Favoring Decisions on the Merits is not Applicable

The final *Eitel* factor considers the preference for deciding cases on the merits. However, "this factor, standing alone, cannot suffice to prevent entry of default judgment for otherwise default judgment could never be entered." *Warner Bros. Entm't Inc.*, 346 F.Supp.2d at 1073. In the instant case, the only reason this lawsuit cannot proceed is because Defendant, after receiving proper notices, failed to appear. Accordingly, this factor favors Plaintiff's Motion for Default Judgment.

In summation, the *Eitel* factors weigh heavily in Plaintiff's favor, and Plaintiff respectfully requests that the Court grant this motion and enter a default judgment against Defendant.

### D. Plaintiff's Request for a Default Judgment for Direct Infringement is Appropriate

For the reasons previously discussed, Plaintiff's request for a default judgment for Defendant's infringements of the Video is appropriate and warranted. Section 504 of the Copyright Act sets forth the damages available to Plaintiff here. Under Section 504(c), Plaintiff may elect an award of statutory damages of a sum not less than $750 or more than $30,000, as the court considers just. Pursuant to subsection 504(c)(2), where willful infringement is established, as it is in this case, the Court in its discretion may increase the award of statutory damages of a sum of not more than $150,000.

Plaintiff has elected to recover statutory damages, insofar as Defendant's default has rendered it a practical impossibility to identify Plaintiff's actual damages. Plaintiff has also shown that Defendant's infringement is willful, both by reason of the default and by reason of Defendant's continued infringement, despite having been notified of the Infringement and duly served with notice of this action. Therefore, Plaintiff respectfully submits that a statutory damages award in the amount of $12,500 is warranted. This award is both proportionate to the damage incurred by Plaintiff, and sufficient to serve the well-established punitive and deterrent purpose of these damages.

In support, it is respectfully submitted that statutory damages "are recoverable without regard to the existence or provability of actual damages." *New Form, Inc. v. Tekila Films, Inc.*, 357 F. App'x 10, 11 (9th Cir. 2009). Copyright owners are entitled to statutory damages for each infringement with respect to any one work. *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990). "[S]tatutory damages are appropriate in default judgment cases because the information needed to prove actual damages is within the infringers' control and is not disclosed." *Microsoft Corp. v. Nop*, 549 F. Supp. 2d 1233, 1238 (E.D. Cal. 2008). In the current case, Defendant's failure to participate in this action rendered a determination of plaintiff's actual damages impossible. Courts in this Circuit and elsewhere have regarded an award of $30,000 for similar infringements as appropriate, as in *Globe Ent. & Media, Corp.* 2022 WL 2703845 and *Curet-Velàzquez v. ACEMLA De P.R., Inc.*, 656 F.3d 47, 52 (1st Cir. 2011).

A statutory damages award within the limits prescribed by Congress is appropriate "[e]ven for uninjurious and unprofitable invasions of copyright." *New Form, Inc.*, 357 Fed. Appx. at 11 (quoting *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 233 (1952)). Unlike actual damages, statutory damages have a punitive purpose "to sanction and vindicate the statutory policy of

discouraging infringement." *Los Angeles News Service v. Reuters Television Intern., Ltd.*, 149 F.3d 987, 996 (9th Cir. 1998) (quoting *F.W. Woolworth Co.*, 344 U.S. at 233). Courts regularly award amounts in excess of $100,000 for default judgments concerning copyright infringement.[2] Additionally, the Complaint alleges that Defendant acted willfully, which allegation of willfulness must be accepted as true in the context of a default judgment. *Rolex Watch U.S.A., Inc.*, 2015 WL 9690322, at *4).

Plaintiff elects to recover statutory damages in this case. Plaintiff's copyright infringement claim qualifies for statutory damages under 17 U.S.C. § 504(c) because the Video was properly registered with the USCO on April 22, 2022 within three months of its first publication on March 21, 2022. The Court has wide discretion in determining the amount of statutory damages to be awarded, "constrained only by the specified maxima and minima." *Harris v. Emus Records Corp.*, 734 F.2d 1329, 1335 (9th Cir. 1984).

Here, Plaintiff was denied the right to seek actual damages because Defendant appropriated the Video for its own commercial purpose and then defaulted, thereby depriving Plaintiff of the ability to prove the benefit Defendant conferred on itself by stealing Plaintiff's Video. Therefore, the statutory award should be sufficient to punish Defendant for its brazen theft of Plaintiff's property.

E. **Plaintiff Requests an Attorneys' Fee Award**

Plaintiff seeks an award of attorneys' fees in the amount of $1,350 pursuant to Local Rule 55-3, which provides that, where the amount of judgment is between

---

[2] See, e.g., *Amini Innovation Corp.*, 768 F. Supp. 2d at 1058 (awarding $150,000 in statutory damages); *Microsoft Corp. v. Nop*, 549 F. Supp. 2d at 1238 (awarding $970,000 in statutory damages); *Rovio Entm't Ltd v. Royal Plush Toys, Inc.*, 2014 U.S. Dist. LEXIS 37022, 2014 WL 1153780, at *3 (N.D. Cal. Mar. 20, 2014) (affirming the magistrate judge's recommendation to award $700,000 in statutory damages).

$10,000.01 and $50,000.00, the fee applicant should be awarded the sum of $1,200.00, plus 6% of the amount over $10,000.00. Here, such calculation results in a fee award of $1,350 based upon a total damages award sought in the amount of $12,500.

### F. Plaintiff Seeks an Award of Costs in the Amount of $497

Under Section 505 of the Copyright Act, 17 U.S.C. § 505, a plaintiff may recover its full costs. *See also Twentieth Century Fox Film Corp. v. Entertainment Distributing*, 429 F.3d 869, 885 (9th Cir. 2005). Plaintiff respectfully requests a cost award in the amount of $497, comprised of the following: (1) filing fee: $402.00; and (2) process server fee to serve the summons and complaint: $95. *See Exhibit 1 to the accompanying Declaration of Jacqueline Mandel*.

### VII. CONCLUSION

For all the reasons set forth above, Plaintiff asks the Court to enter a default judgment in the amount of $14,347 together with any such other and further relief as this Court deems just, equitable, and proper.

DATED: August 27, 2024

Respectfully submitted,

**SANDERS LAW GROUP**

By: */s/ Jacqueline Mandel*
Jacqueline Mandel, Esq. (Cal Bar 317119)
333 Earle Ovington Blvd., Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: jmandel@sanderslaw.group
Attorneys for Plaintiff