# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRAL DRM, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RHINO TOWING SERVICES, INC., <u>et al.</u>,<br><br>　　　　Defendants. | Case No. SA CV 24-0871 FMO (ASx)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

　　On June 13, 2024, plaintiff filed the operative First Amended Complaint (Dkt. 22, "FAC"), against California Off Road Recovery Group LLC ("defendant"), asserting a single claim for copyright infringement, 17 U.S.C. § 501 <u>et seq</u>. (<u>See</u> Dkt. 22, FAC at ¶¶ 7, 46-55). Plaintiff served defendant's registered agent with a copy of the summons and FAC via personal service on July 19, 2024. (<u>See</u> Dkt. 28, Proof of Service at ECF 2). As of the filing date of this Order, defendant has not filed any responsive pleading to the FAC. (<u>See</u>, <u>generally</u>, Dkt.).

　　On August 13, 2024, plaintiff filed a Request for Entry of Default against defendant, (<u>see</u> Dkt. 30), and on August 14, 2024, the Clerk entered default. (<u>See</u> Dkt. 31, Default by Clerk as to California Off Road Recovery Group LLC). That same day, the court issued an order directing plaintiff to file a motion for default judgment no later than August 28, 2024, and advised plaintiff that "failure to file its motion for default judgment by the deadline set forth above or comply with the requirements set forth in this Order and/or to provide sufficient information for the court to make a determination as to any issue or damages calculation, may result in the motion being

denied and/or the action against defendant being dismissed for failure to prosecute and/or to comply with a court order. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962)." (Dkt. 32, Court's Order of August 14, 2024). Plaintiff then filed the instant Motion for Default Judgment. (See Dkt. 34, Motion for Default Judgment ("Motion")). The Motion was signed by attorney Jacqueline Mandel ("Mandel"), and noticed for a hearing on October 10, 2024. (See id.).

On October 4, 2024, plaintiff filed a Request to Appear Remotely for the Motion for Default Judgment Hearing on October 10, 2024, (Dkt. 35, "Request").[1] (See id. at 1). The court denied plaintiff's Request, (Dkt. 36, Court's Order of October 4, 2024), and ordered attorney Mandel to appear in person on the date and time noticed for the Motion, i.e., October 10, 2024. (See id.). The court admonished plaintiff's counsel that her failure to "appear at the hearing on the Motion shall result in the imposition of sanctions including, but not limited to, the denial of the Motion and/or dismissal of the case for lack of prosecution and failure to comply with the orders of the court." (Id.) (citing Fed. R. Civ. P. 41(b); Local Rule 41; Link, 370 U.S. at 629-30, 82 S.Ct. at 1388; Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002)).

Under Local Rule 7-16, a "moving party who intends to withdraw a motion before the hearing date . . . must file and serve a notice of withdrawal of the motion . . . immediately, preferably no later than 7 days before the hearing." L. R. 7-16. Here, the day before the hearing,

---

[1] Even though plaintiff's firm, the Sanders Law Group, is based in Uniondale, New York, it has filed approximately 515 copyright cases in this District. The Sanders Law Group appears to be a firm that files "strategic infringement claims of dubious merit in the hope of arranging prompt settlements [or obtaining default judgments] with defendants who would prefer to pay modest or nuisance settlements rather than be tied up in expensive litigation. Like the troll under the bridge, these firms try to extract rents from market participants who must choose between the cost of settlement [or default judgment] and the costs and risks of litigation." Design Basics, LLC v. Lexington Homes, Inc., 858 F.3d 1093, 1097 (7th Cir. 2017). Attorneys who choose to file suits in this District while maintaining a practice in another district thousands of miles away are, of course, expected to familiarize themselves with and follow the judge's requirements as well as the Local Rules of this District. At a hearing on September 19, 2024, in another copyright infringement case filed by the Sanders Law Group, see Deborah K. Wong v. Cosmetic Town Inc. CV 24-3442-FMO, the court admonished counsel who filed a notice of appearance the day before the hearing that moving forward, the attorney signing the Motion must appear in person at all motion hearings.

plaintiff filed a Notice of Withdrawal (Dkt. 37, "Notice"), withdrawing its Motion. The Notice provided no explanation as to why plaintiff withdrew the Motion nor did it include a proof of service.[2] (See, generally, Dkt. 37, Notice). Also, no appearance was made on behalf of plaintiff at the October 10, 2024, hearing. (See Dkt. 38, Minutes of Status Conference).

A district court may dismiss an action for failure to prosecute or to comply with court orders. Fed. R. Civ. P. 41(b); Link, 370 U.S. at 629-30, 82 S.Ct. at 1388 (authority to dismiss for failure to prosecute necessary to avoid undue delay in disposing of cases and congestion in court calendars); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (district court may dismiss action for failure to comply with any court order). Dismissal, however, is a severe penalty and should be imposed only after consideration of the relevant factors in favor of and against this extreme remedy. Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 831 (9th Cir.1986). These factors include: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik, 963 F.2d at 1260-61); see Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d 884, 891 (9th Cir. 2019) ("By its plain text, a Rule 41(b) dismissal . . . requires 'a court order' with which an offending plaintiff failed to comply."). "Although it is preferred, it is not required that the district court make explicit findings in order to show that it has considered these factors and [the Ninth Circuit] may review the record independently to determine if the district court has abused its discretion." Ferdik, 963 F.2d at 1261.

Having considered the Pagtalunan factors, the court is persuaded that this action should be dismissed for failure to comply with a court order and failure to prosecute. As an initial matter, plaintiff withdrew its Motion after having been advised by the court that failure to file the Motion, or to "provide sufficient information for the court to make a determination as to any issue or

---

[2] This failure is troubling given that the court required plaintiff to serve the Motion on defendant, (see Dkt. 32, Court's Order of August 14, 2024), which would have of course meant that plaintiff served the Notice withdrawing the Motion on defendant.

3

damages calculation" would result in the action being dismissed. (See Dkt. 32, Court's Order of August 14, 2024). Since plaintiff withdrew its Motion, the court cannot make any determination as to whether or not the Motion should be granted. What's more, apart from filing the Notice, plaintiff has not advised the court as to how it intends to move this case forward. (See, generally, Dkt.). In other words, plaintiff's counsel's conduct has hindered the court's ability to move this case toward disposition and indicates that plaintiff does not intend to litigate this action. See Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (Plaintiff's "noncompliance has caused [this] action to come to a complete halt, thereby allowing [her] to control the pace of the docket rather than the Court.") (internal quotation marks omitted); see also Ferdik, 963 F.2d at 1262 ("[A] district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the consideration of alternatives requirement.") (internal quotation marks omitted). In short, having considered the Pagtalunan factors, the court is persuaded that the instant action should be dismissed for failure to comply with a court order and failure to prosecute.

    Based on the foregoing, IT IS ORDERED that judgment be entered dismissing this action without prejudice.

Dated this 15th day of October, 2024.

/s/
Fernando M. Olguin
United States District Judge